IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE:   DINAH MARIE EDMOND, | § | |
| | § | |
| Debtor. | § | Case No. 14-70149-HDH13 |
| | § | |
| TEXOMA MOTOR CREDIT COMPANY, | § | |
| Movant, | § | |
| | § | A Hearing on the Motion for |
| vs. | § | Relief from the Automatic Stay: |
| | § | June 11, 2014 at 1:30 p.m. |
| DINAH MARIE EDMOND, | § | |
| Respondent. | § | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE HARLIN DEWAYNE HALE, U. S. BANKRUPTCY JUDGE:

COMES NOW Texoma Motor Credit Company (hereafter "Texoma"), complaining of Dinah Marie Edmond ("Debtor") and for cause of action would respectfully show the Court as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 157 and 11 U.S.C. § 362.  This is a core proceeding.

2. Debtor may be served at 2614 London Street, Vernon, Texas 76384, which is the Debtor's address set forth in the filings with this Court.

3. Debtor filed a petition pursuant to Chapter 13 of Title 11 on or about May 15, 2014.  An order for relief was subsequently entered.

4. Texoma is a secured creditor of the above-referenced Debtor by virtue of a security interest in a 2005 Ford Taurus, Vehicle Identification Number 1FAFP53U85A190333.

5.     Texoma has learned that the insurance on the referenced collateral was cancelled March 31, 2014.  Texoma has requested proof of insurance and, as of the filing of this Motion, has not been provided with same.

6.     If the vehicle is not insured, Texoma's interest is not being adequately protected.

7.     Texoma requests that the Court authorize the Trustee to abandon the aforesaid property on behalf of the Debtor's estate.

8.     Because the collateral described herein depreciates and may not be insured, any order either terminating or conditioning the automatic stay should be effective immediately and there should be no stay after the entry of the order.

WHEREFORE, PREMISES CONSIDERED, Texoma prays for:

1.     An order of this Court granting Texoma relief from the automatic stay imposed pursuant to 11 U.S.C. § 362;

2.     An order of this Court authorizing Texoma to take immediate possession of the collateral which is the subject of this Motion and foreclose its lien on the collateral without further notice to the Debtor, the Trustee, or any other party in interest and authorizing Texoma to obtain all writs and other Court orders necessary to obtain possession of its collateral if it is not voluntarily surrendered by Debtor;

3.     An order of this Court that any order entered with regard to this Motion is binding on Debtor in the event of a conversion of this case and on all successors in interest including, but not limited to, any Trustee appointed upon the conversion of this case.

4.     An order of this Court finding that any order entered with regard to this Motion should be effective immediately upon its entry and should not be stayed following the entry of said order; and

5.      For such other and further relief, both general and specific, to which Texoma may show itself justly entitled.

>Respectfully submitted,
>/s/ John W. Mee III (Date: May 20, 2014)
>JOHN W. MEE III
>Oklahoma State Bar Number 013915
>MEE MEE HOGE & EPPERSON PLLP
>50 Penn Place
>Oklahoma City, Oklahoma 73118
>Telephone:   (405) 848-9100
>Facsimile:    (405) 848-9101
>jwm3@meehoge.com
>ATTORNEYS FOR OKLAHOMA
>MOTOR CREDIT, aka TEXOMA MOTOR
>CREDIT

**NOTICE REGARDING REQUIRED ANSWER**

**THIS SHALL SERVE AS NOTICE TO YOU THAT PURSUANT TO RULE 4001 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR MUST FILE AN ANSWER TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN FOURTEEN (14) DAYS FROM THE SERVICE OF THE MOTION.*  THE DEBTOR'S ANSWER SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.  IF THE DEBTOR <u>DOES NOT FILE</u> AN ANSWER AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

*Under Bankruptcy Rule 9006(e), service by mail is completed upon mailing; under Bankruptcy Rule 9006(f), three (3) days are added to the period for answer or other response when service is by mail.

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that prior to filing of this Motion, I did the following:

1. Conferred with Debtor's counsel pursuant to District Court Local Rule 7.1(a) and N.D. TX L.B.R. 9014.1(c)(1).

2. Debtor's counsel advised that Debtor opposes Motor Credit's Motion.

/s/ John W. Mee III (Date: May 20, 2014 )
JOHN W. MEE III

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served electronically on participants in the CM/ECF system and was served by FIRST CLASS MAIL, POSTAGE PREPAID on May 20, 2014, to the following:

DEBTOR:
Dinah Marie Edmond
2614 London St.
Vernon, TX 76384

and by ELECTRONIC FILING on:

DEBTOR'S ATTORNEY:
Monte J. White
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, TX 76301

TRUSTEE:
Walter O'Cheskey
6308 Iola Avenue
Lubbock, TX 79424

Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, Texas  75242

/s/ John W. Mee III (Date: May 20, 2014)
JOHN W. MEE III

## SUMMARY OF EXHIBITS

1. Vehicle Retail Installment Sales Contract dated March 1, 2014, on a 2005 Ford Taurus, Vehicle Identification Number 1FAFP53U85A190333.

2. Title Application Receipt from Texas Department of Motor Vehicles on a 2005 Ford Taurus, Vehicle Identification Number 1FAFP53U85A190333.

*Copies of Exhibits are available by written request to:

    Sandra Robertson, Legal Assistant
    Mee Mee Hoge & Epperson PLLP
    50 Penn Place
    1900 NW Expressway, Suite 1400
    Oklahoma City, OK  73118